11 CARAWAY, Judge.
This suit, filed by the senior and presiding judge of the Monroe City Court, contests the authority of the remaining two judges of the court to elect by a majority vote an administrative judge to carry out the administrative rules adopted by the court. Finding that La. R.S. 13:1878 does not empower the presiding judge with unilateral authority to decide and administer the rules for the functioning of the court, we affirm, with one minor modification, the trial court’s ruling against the presiding judge and in favor of the other members of the city court.

Facts

On February 27, 1998, two judges of the Monroe City Court, Judge James G. Smith and Judge Scott Leehy, signed an en banc order memorializing their vote as the majority of the court members designating Judge Smith as the administrative judge for the court. The order specifically charged Judge Smith with the responsibility to supervise and direct the administration of the court, including “supervision over court programs and employees through the Clerk/Judicial Administrator,” “supervision of court finances, including financial planning, the preparation of budgets and fiscal reporting,” and “any other responsibility imposed by law, rule of court or by action of the Court.”[1]
*656 The judge oldest in point of service on the Monroe City Court is Judge Larry D. ‘Jefferson, who was elected to the court in 1991. Judge Jefferson was present at the February 27,1998 meeting of the members of the court and opposed the decision appointing Judge Smith as the administrative judge. Judge Jefferson |2maintains that his designation as “presiding judge” under La. R.S. 13:1878 gives him administrative authority for the court.
This suit for declaratory judgment regarding the application of La. R.S. 13:1878 and for injunctive relief followed the February 27, 1998 impasse, with the defendants, Judges Smith and Leehy, also seeking in-junctive relief through their reconventional demand.

Discussion

La. R.S. 13:1878 was enacted in 1960 and provides as follows:
Where a city court is composed of two or more divisions, a candidate for nomination and election to the office of judge of the city court, at the time of filing his declaration as a candidate, shall designate the division of the court for which he is a candidate. The judge oldest in point of continuous service shall be the presiding judge, except that when they have served continuously the same length of time, the judge oldest in years shall be the presiding judge.
Also enacted in 1960 was Article 193 of the Louisiana Code of Civil Procedure, which provides as follows:
A court may adopt rules for the conduct of judicial business before it, including those governing matters of practice and pi’ocedure which are not contrary to the rules provided by law. When a court has more than one judge, its rules shall be adopted or amended by a majority of the judges thereof, sitting en banc.
The argument presented by Judge Jefferson in his assignment of error to this court is that the title of presiding judge, as utilized in La. R.S. 13:1878, clothes the most senior judge with the responsibility of discharging the administrative affairs of the city court. From our review of the two statutes quoted above and other similar provisions regarding Louisiana courts, we find that the principle of majority rule applies for the administrative rules of the court with delegation of authority to carry out those rules also within the will of the majority.
Prior to the Louisiana Constitution of 1974, the concept of a presiding judge appeared in the previous constitution in reference to both the supreme court and|3the courts of appeal. La. Const, art. VII, §§ 7 and 23 (1921).[2] The authority of the presiding judge in these provisions of the 1921 Constitution was not delineated. There was no directive regarding administrative functions of the courts, and from the context, it can only be presumed that such judges would preside over the proceedings of the panels of judges comprising those courts while in formal session.
Regarding the district courts with two or more judges, La. R.S. 13:583, enacted in 1946, discusses the concept of “presiding judges” of the various divisions comprising a judicial district. Again, the statute gives no specific delineation of the powers of a presiding judge or indication that a presiding judge would hold administrative power over the court.
In 1974, with the enactment of our present constitution, the term “presiding judge” was no longer utilized in discussing the roles of the “chief justice” of the supreme court and the “chief judge” of a court of appeal or a district court. La. Const, art. V, §§ 6, 12 *657 and 17.[3] Under the constitution, the chief justice of the supreme court, subject to the rules adopted by the court, has administrative power extending to our state’s entire judicial system. The chief judge of a court of appeal |4administers the court of appeal subject to the rules adopted by the court. While the chief justice of the supreme court and the chief judge of each court of appeal are the oldest judges in point of service on each court, the district court elects from the ranks of all members a chief judge for the administration of the district court.
From our review of this constitutional and legislative history, we find significant that the specific emphasis on the administrative functioning of the courts only first arose with the passage of the 1974 Constitution. Those functions appear governed by the majority will of the judges of each court. We also find significant the provision for the election of an administrative chief judge of each district court, despite the concept of “presiding judges” which continues apparently unre-pealed in La. R.S. 13:583.
Apart from the supreme court’s broad administrative powers over all Louisiana courts, the 1974 Constitution does not address the administrative functioning of city courts. Nevertheless, the constitution’s recognition of the majority rule in the other three levels of courts along with the expression of the rule of the majority embodied in La. C.C.P. art. 193 convinces us that any impasse regarding the functioning of Monroe City Court is subject to the rules for court administration enacted by the majority of the judges on the court. Judge Jefferson’s designation as presiding judge under La. R.S. 13:1878, as in the legislation pertaining to district courts, does not prevent the majority of judges of the Monroe City Court from designating Judge Smith as the administrative judge with the ministerial functions of carrying out the rules of the court. Judge Jefferson’s role as presiding judge shall apply in any formal en banc session of the Iscourt and in meetings of the entire court called by the majority of its members for decisions on .administrative matters.[4]
Accordingly, the trial court’s judgment enjoining Judge Jefferson from taking any actions in contravention of the city court’s en banc order of February 27, 1998 is affirmed, with the modification to the en banc order noted in footnote 4. Costs are assessed to appellant.
MODIFIED IN PART AND, AS MODIFIED, AFFIRMED.

. In a memorandum sent by Judge Smith to the mayor of Monroe informing the mayor of the February 27, 1998 en banc order, Judge Smith states that the majority of the court had agreed that actions on behalf of the court pertaining to budget matters and the status of employees would be made under the signatures of at least two judges. Thus, regarding those two significant matters, the majority of the court must signify the specific administration action to be taken.

. La. Const, art. VII (1921) provided, in pertinent part, as follows:
§ 7. Initial terms; election; expiration of terms; vacancies; presiding justice.
"... Whenever a vacancy shall occur in the office of Chief Justice, the justice oldest in point of service shall succeed thereto; and when sitting in divisions the justice longest in service shall preside.”
§ 23. Presiding judge; panels; sessions en banc; vacancy in office. “In each court of appeal, the senior judge in point of service on the courts of appeal shall be the presiding judge; if two or more judges in the same court have served the same length of time, the eldest shall preside."

. La. Const, art. V, provides:
§ 6. Supreme Court; Chief Justice. The judge oldest in point of service on the supreme court shall be chief justice. He is the chief administrative officer of the judicial system of the state, subject to rules adopted by the court.
§ 12. Courts of Appeal; Chief Judge. The judge oldest in point of service on each court of appeal shall be chief judge of that court and shall administer the court subject to rules adopted by it.
§ 17. District Courts; Chief Judge. Each district court shall elect from its members a chief judge who shall exercise, for a term designated by the court, the administrative functions prescribed by rule of court.

. The en banc order of February 27, 1998 conflicts with our interpretation of La. R.S. 13:1878 only to the extent that it denies the presiding judge the right to preside over meetings of the court. The en banc order in that respect is hereby modified to delete such impingement upon the rights of the presiding judge.